# IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 98-50111
Summary Calendar

RHETT VAUGHN POSEY,

Plaintiff-Appellant,

versus

WAL-MART STORES, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-96-CA-1066

September 25, 1998

Before JOLLY, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

Wal-Mart Stores, Inc. terminated Rhett Vaughn Posey's employment for cause on June 14, 1996. Posey brought a timely action in the United States District Court for the Western District of Texas alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq.* ("Title VII"); 42 U.S.C. § 1981; and the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et. seq.* ("ERISA").

On December 29, 1997, the district court issued an order granting summary judgment in favor of Wal-Mart Stores, Inc. First, the district court found that Posey could not prove a *prima facie* case of discrimination. Next, the district court noted that even if Posey had established a *prima facie* case, he failed to show that Wal-Mart's reasons for terminating him were a pretext for intentional

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

discrimination. Finally, the district court granted summary judgment on Posey's ERISA claim after finding that Posey had neither a reasonable expectation of reinstatement nor a colorable claim to benefits under the plan.

We review the district court's grant of summary judgment *de novo*. Guillory v. Domtar Industries, Inc., 95 F.3d 1320, 1326 (5th Cir. 1996). This review requires the same analysis employed by the district court. Id. (citing Turnage v. General Elec. Co. 953 F.2d 206, 212 (5th Cir. 1992). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file along with the affidavits filed in support of the motion, if any, indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.; see also, Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The essence of our review rests on "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).

We have reviewed the law, briefs, and the record and conclude that the district court did not err in granting Wal-Mart's motion for summary judgment. We agree with the district court and affirm based on its reasoning.

AFFIRMED.